***E-FILED - 3/24/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTOLO MULLEN, | No. C 09-6081 RMW (PR) |
| Plaintiff, | ORDER OF PARTIAL DISMISSAL; DISMISSAL WITH LEAVE TO AMEND OR NOTIFY COURT OF INTENT TO PROCEED WITH ORIGINAL COMPLAINT |
| v. | |
| ED FOULK, et al., | |
| Defendants. | |

Plaintiff, a civilly committed person proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court orders the complaint partially dismissed and grants plaintiff leave to amend. Alternatively, plaintiff shall file a notice that he intends to proceed only with the cognizable claims discussed below.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

1   seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),
2   (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police
3   Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
4         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
5   claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
6   statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon
7   which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal
8   quotations omitted). Although in order to state a claim a complaint "does not need detailed
9   factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to
10  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of
11  a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief
12  above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)
13  (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is
14  plausible on its face." Id. at 1974.
15        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
16  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
17  the alleged violation was committed by a person acting under the color of state law. See West v.
18  Atkins, 487 U.S. 42, 48 (1988).
19  B.    Plaintiff's Claims
20        Plaintiff claims that defendants Ed Foulk and Cindy Radavsky approved retaliatory
21  actions against plaintiff designed to punish him and prevent him from complaining about abuses
22  occurring against him at Napa State Hospital ("NSH"). Specifically, plaintiff asserts that he was
23  transferred from NSH to California State Prison - Sacramento ("CSP"), pursuant to Welfare and
24  Institution Code § 7301, in retaliation for his complaints. (Complaint at 6.)
25        Retaliation by a state actor for the exercise of a constitutional right is actionable under 42
26  U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. See
27  Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). Retaliation, though it is
28

not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. See Perry v. Sindermann, 408 U.S. 593, 597 (1972). Prison officials cannot transfer a prisoner from one correctional institution to another in order to punish the prisoner for exercising his constitutional rights. See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). Liberally construed, plaintiff has stated a cognizable claim of retaliation.

Plaintiff states that at CSP, he is housed in the Psychiatric Services Unit ("PSU") / Security Housing Unit ("SHU") for an indeterminate time. (Complaint at 6.) According to plaintiff, the PSU/SHU houses more than 60 inmates and plaintiff is the only civilly committed person. (Id. at 7.) Plaintiff further claims that he is treated like a prisoner even though he is not a prisoner. (Id.)

"Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982). Under the Due Process Clause of the Fourteenth Amendment, civilly-committed persons retain substantive liberty interests, which include at least the right to basic necessities such as adequate food, shelter, clothing and medical care; safe conditions of confinement; and freedom from unnecessary bodily restraint. Id. at 315-16. States also must provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released. Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir. 2000). Liberally construed, plaintiff has stated a cognizable claim that defendants violated his right to due process.

Plaintiff adds that the decision to place him in PSU/SHU was completed without any notice or hearing. Plaintiff complains that the decision to house him in PSU/SHU was arbitrary and violated his right to treatment. Moreover, he claims that Welfare and Institution Code § 7301 is facially unconstitutional and unconstitutional as applied.

A non-criminal statute may be challenged as unconstitutionally vague or overbroad. See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 491-94 (1982)

1  (municipal ordinance requiring business selling drug paraphernalia to obtain licenses).  A statute

2  may be unconstitutional "on its face" or "as applied."  A successful challenge to the facial

3  constitutionality of a statute invalidates the statute itself whereas a successful as-applied

4  challenge does not render the statute itself invalid but only the particular application of the

5  statute.  Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998). Cognizant of the court's

6  duty to construe pro se complaint liberally, see Hughes v. Rowe, 449 U.S. 5, 9 (1980), plaintiff's

7  allegation states a cognizable claim that defendants violated his right to procedural due process

8  and that Welfare and Institution Code § 7301 is unconstitutional.

9  C.    Other Named Defendants

10     Plaintiff names defendant James Gomez in his complaint, however, he fails to connect

11 defendant James Gomez to any allegation of a violation of constitutional right.  Accordingly,

12 defendant James Gomez is DISMISSED.

13     Plaintiff further alleges that defendants Carmen Caruso and Joyce Abellera retaliated

14 against him by "placing him on a behavioral plan that denied him access to visits, law library,

15 religious services, substance abuse groups, self help groups to name a few."  (Complaint at 3.)  A

16 claim may be stated under § 1983 where a plaintiff alleges retaliation by state actors for the

17 exercise of his First Amendment rights.  See Mt. Healthy, 429 U.S. at 283-84.  The plaintiff must

18 show that the type of activity he was engaged in was protected by the First Amendment and that

19 the protected conduct was a substantial or motivating factor for the alleged retaliatory acts.  See

20 id. at 287.  However, plaintiff does not demonstrate that any of the alleged retaliatory acts were

21 done in response to any protected activity.  Accordingly, these defendants are DISMISSED

22 WITH LEAVE TO AMEND.  If plaintiff can in good faith allege facts to cure the pleading

23 deficiency he may add this information to an amended complaint.

24     In addition, plaintiff alleges that defendant Daisy Gomez denied him "possession and use

25 of his computer and denied him use of the clients pay phone . . . Daisy Gomez refused to turn on

26 the electrical outlet in my single man room for several months therefore plaintiff had to use his

27 expensive computer in the general dayroom."  (Complaint at 5.)  Plaintiff fails to assert that

28

defendant Gomez violated any right secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48 (1988). Accordingly, defendant Gomez is DISMISSED WITH LEAVE TO AMEND. If plaintiff can in good faith allege facts to cure the pleading deficiency he may add this information to an amended complaint.

Accordingly, the court grants plaintiff leave to file an amended complaint **within thirty (30) days** of the date this order is filed, to address the deficiencies set forth above. In the alternative, within thirty (30) days of the date this order is filed, plaintiff may file a notice with the court stating that he intends to proceed with the cognizable claims in this original complaint. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

D.   Doe defendants

In his complaint, plaintiff mentions that he does not know the names of other defendants who were involved in these allegations. In the Ninth Circuit, the use of "John Doe" to identify a defendant is not favored. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, should plaintiff learn the identity of any unnamed defendants through discovery, he may move to file an amendment to the complaint to add the individuals as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1.   Defendant James Gomez is DISMISSED.

2.   Defendants Daisy Gomez, Carmen Caruso, and Joyce Abellera are DISMISSED with leave to amend. Plaintiff shall file an amended complaint **within thirty (30) days** from the

1  date this order is filed.  **In the alternative**, **within thirty (30) days** from the date this order is
2  filed, plaintiff may file a notice with the court stating that he intends to proceed with the
3  cognizable claims in the original complaint.
4        An amended complaint must include the caption and civil case number used in this order
5  (C 09-6081 RMW (PR)) and the words "AMENDED COMPLAINT" on the first page.  Plaintiff
6  is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives
7  all causes of action alleged in the original complaint which are not alleged in the amended
8  complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not
9  named in an amended complaint are no longer defendants.  See Ferdik, 963 F.2d at 1262 (9th
10  Cir. 1992).
11        Plaintiff may not incorporate material from the original complaint, such as supporting
12  documentation or exhibits, by reference.  Plaintiff must include all of his claims, including the
13  cognizable claims set forth above, in the amended complaint.  **Failure to file an amended**
14  **complaint or file a notice with the court in compliance with this order within the**
15  **designated time will result in the court proceeding with the cognizable claims in the**
16  **original complaint as stated in this order.**
17        3.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
18  court informed of any change of address by filing a separate paper with the clerk headed "Notice
19  of Change of Address," and must comply with the court's orders in a timely fashion.  Failure
20  to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal
21  Rule of Civil Procedure 41(b).
22        IT IS SO ORDERED.
23  DATED:  3/23/10

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Partial Dismissal; Dismissal with Leave to Amend or Notify Court of Intent to Proceed with Original Complaint
P:\PRO-SE\SJ.Rmw\CR.09\Mullen081dwla.wpd      6