*E-FILED - 5/11/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTOLO MULLEN,<br><br>            Plaintiff,<br><br>   v.<br><br>ED FOULK, et al.,<br><br>            Defendants. | No. C 09-6081 RMW (PR)<br><br>ORDER OF SERVICE;<br>DIRECTING DEFENDANTS<br>TO FILE DISPOSITIVE<br>MOTION OR MOTION FOR<br>SUMMARY JUDGMENT |

Plaintiff, a civilly committed person proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On March 24, 2010, the court conducted a preliminary screening of plaintiff's complaint and dismissed with leave to amend several defendants from this action. The court found that, liberally construed, the plaintiff did state cognizable claims of retaliation, due process, procedural due process, and that Welfare and Institution Code § 7301 is unconstitutional. The court instructed plaintiff to either file an amended complaint or notify the court that he wished to proceed with the cognizable claims found in the order.

On April 23, 2010, plaintiff filed a notification choosing to proceed with the original complaint and foregoing the previously dismissed defendants. Accordingly, the court orders as follows:

    1.    The clerk of the court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy

Order of Service; Directing Defendants to File Dispositive Motion or Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.09\Mullen081srv.wpd

1  of this order upon: **Executive Director Ed Foulk** at **Napa State Hospital, Director of Long**
2  **Term Care Services Cindy Radavsky** at **Department of Mental Health** in **Sacramento, and**
3  **G. Marshall, CDCR** in **Sacramento**.  The clerk shall also <u>mail a courtesy copy</u> of this order and
4  the complaint, with all attachments thereto, to the **California Attorney General's Office**.

5        2.       No later than **ninety (90) days** from the date of this order, defendants shall file a
6  motion for summary judgment or other dispositive motion with respect to the claims in the
7  complaint as set forth above, or notify the court that they are of the opinion that this case cannot
8  be resolved by such a motion.

9            a.       If defendants elect to file a motion to dismiss on the grounds that plaintiff
10 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
11 defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315
12 F.3d 1108, 1119-20 (9th Cir. 2003).

13           b.       Any motion for summary judgment shall be supported by adequate factual
14 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
15 Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**
16 **<u>qualified immunity found, if material facts are in dispute.  If any defendant is of the</u>**
17 **<u>opinion that this case cannot be resolved by summary judgment, he shall so inform the</u>**
18 **<u>court prior to the date the summary judgment motion is due.</u>**

19       3.       Plaintiff's opposition to the dispositive motion shall be filed with the court and
20 served on defendant no later than **thirty (30) days** from the date defendants' motion is filed.

21           a.       In the event defendants file an unenumerated motion to dismiss under
22 Rule 12(b), plaintiff is hereby cautioned as follows:[1]

23       The defendants have made a motion to dismiss pursuant to Rule 12(b) of
    the Federal Rules of Civil Procedure, on the ground you have not exhausted your
24     administrative remedies.  The motion will, if granted, result in the dismissal of
    your case.  When a party you are suing makes a motion to dismiss for failure to
25     exhaust, and that motion is properly supported by declarations (or other sworn
    testimony) and/or documents, you may not simply rely on what your complaint

---

27 [1]The following notice is adapted from the summary judgment notice to be given to pro se
28 prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u>
<u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order of Service; Directing Defendants to File Dispositive Motion or Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.09\Mullen081srv.wpd       2

1  says. Instead, you must set out specific facts in declarations, depositions, answers
to interrogatories, or documents, that contradict the facts shown in the defendant's
2  declarations and documents and show that you have in fact exhausted your
claims. If you do not submit your own evidence in opposition, the motion to
3  dismiss, if appropriate, may be granted and the case dismissed.

4      b.     In the event defendants file a motion for summary judgment, the

5  Ninth Circuit has held that the following notice should be given to plaintiffs:

6  The defendants have made a motion for summary judgment by which
they seek to have your case dismissed. A motion for summary judgment under
7  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

8  Rule 56 tells you what you must do in order to oppose a motion for
summary judgment. Generally, summary judgment must be granted when there is
9  no genuine issue of material fact--that is, if there is no real dispute about any fact
that would affect the result of your case, the party who asked for summary
10  judgment is entitled to judgment as a matter of law, which will end your case.
When a party you are suing makes a motion for summary judgment that is
11  properly supported by declarations (or other sworn testimony), you cannot simply
rely on what your complaint says. Instead, you must set out specific facts in
12  declarations, depositions, answers to interrogatories, or authenticated documents,
as provided in Rule 56(e), that contradict the facts shown in the defendants'
13  declarations and documents and show that there is a genuine issue of material fact
for trial. If you do not submit your own evidence in opposition, summary
14  judgment, if appropriate, may be entered against you. If summary judgment is
granted in favor of defendants, your case will be dismissed and there will be no
15  trial.

16  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read

17  Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

18  (1986) (holding party opposing summary judgment must come forward with evidence showing

19  triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that

20  failure to file an opposition to defendants' motion for summary judgment may be deemed to be a

21  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

22  without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges

23  v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

24      4.     Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's

25  opposition is filed.

26      5.     The motion shall be deemed submitted as of the date the reply brief is due. No

27  hearing will be held on the motion unless the court so orders at a later date.

28      6.     All communications by the plaintiff with the court must be served on defendants,

1  or defendants' counsel once counsel has been designated, by mailing a true copy of the
2  document to defendants or defendants' counsel.

3       7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
4  No further court order is required before the parties may conduct discovery.

5       For plaintiff's information, the proper manner of promulgating discovery is to send
6  demands for documents or interrogatories (questions asking for specific, factual responses)
7  directly to defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to
8  matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1).
9  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
10 cumulative or duplicative, or is obtainable from some other source that is more convenient, less
11 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
12 discovery in the action to obtain the information sought; or (iii) the burden or expense of the
13 proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply
14 with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
15 to his benefit to wait until defendants have filed a dispositive motion which could include some
16 or all of the discovery plaintiff might seek.</u> In addition, no motion to compel will be considered
17 by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
18 Rule 37-1 has been satisfied. Because plaintiff is detained, he is not required to meet and confer
19 with defendants in person. Rather, if his discovery requests are denied and he intends to seek a
20 motion to compel he must send a letter to defendants to that effect, offering them one last
21 opportunity to provide him with the sought-after information.

22      8.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
23 and all parties informed of any change of address and must comply with the court's orders in a
24 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
25 pursuant to Federal Rule of Civil Procedure 41(b).

26     IT IS SO ORDERED.
27     DATED: __5/11/10__          *Ronald M. Whyte*
28                                   RONALD M. WHYTE
                                   United States District Judge