*E-FILED - 1/27/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| BARTOLO MULLEN, | ) | No. C 09-6081 RMW (PR) |
|---|---|---|
| Plaintiff, | ) ) | ORDER GRANTING MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; ADDRESSING PENDING MOTIONS |
| v. | ) ) ) | |
| ED FOULK, et al., | ) ) | |
| Defendants. | ) ) | |

  Plaintiff, a civilly committed person proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On May 11, 2010, the court served plaintiff's stated cognizable claims of retaliation, due process, procedural due process, and that California Welfare and Institution Code § 7301 is unconstitutional. On September 8, 2010, defendants filed a motion for summary judgment. On October 4, 2010, plaintiff filed a motion for leave to file a first amended complaint.

  A plaintiff may amend the complaint once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). But if the complaint requires a responsive pleading, a plaintiff may amend the complaint 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). Here, 21 days from the date of service had already passed. However, because plaintiff's amended complaint raises the same issues alleged in his original complaint, and

defendants have not filed an opposition, the court GRANTS plaintiff's motion for leave to file an amended complaint.

In plaintiff's amended complaint, he adds several more defendants, all of whom will be served except for defendants Stephen Mayberg, the Director of the Department of Mental Health, and James Gomez, the Secretary of the California Department of Corrections and Rehabilitation. As the court noted in its March 24, 2010 order, Plaintiff had not connected either of these defendants with any allegation of a violation of his federal constitutional rights. Plaintiff's amended complaint does not cure this deficiency. Accordingly, defendants Mayberg and Gomez are DISMISSED.

On October 20, 2010, plaintiff filed a request to add more defendants to his complaint. Plaintiff alleges these defendants participated in the violation of his right to be free from retaliation. Plaintiff's request is GRANTED. The clerk of the court shall serve these newly added defendants and the court will set a further briefing schedule.

On November 2, 2010, plaintiff filed another request to add more defendants to the complaint. Plaintiff also requested adding additional claims. Specifically, plaintiff requests permission to add a claim that John Rodriguez, Deputy Director of Long Term Care Services at the Department of Mental Health; Dolly Matteucci, Interim Director of Napa State Hospital; Brigid Hanson, Division of Correctional Health Care Services; Lea Ann Chrones, Division of Adult Institutions; and defendant Cynthia Radavsky, Long Term Care Services acquiesced in a policy that was not approved by the Office of Administrative Law, and violated California Welfare and Institutions Code § 7301. However, a violation of a state law does not necessary violate federal law. Plaintiff does not state, and the court is unaware of, any federal constitutional right that is alleged to be violated. Accordingly, these newly named defendants and new claim will not be added to plaintiff's amended complaint. Plaintiff's request is DENIED.

On December 6, 2010, plaintiff filed a notice with the court that on November 17, 2010, he was moved from prison to a conditional release program. That program is a 90-day treatment program, in which plaintiff will not have access to a law library in which to conduct research to

1  litigate this case.  To that end, plaintiff requests the court order the conditional release program
2  to permit him to visit a law library, or, in the alternative, stay this action until February 17, 2011
3  -- two weeks after plaintiff is scheduled to be discharged.  In light of the fact that the newly
4  added defendants have yet to be served, and will be directed to file a dispositive motion within
5  ninety days of the date of this order, an order staying this action appears unnecessary at this time.
6  Accordingly, plaintiff's motion is DENIED.

7          Accordingly, the court orders as follows:

8          1.      Plaintiff's motion for appointment of counsel is DENIED for want of exceptional
9  circumstances.

10         2.      The clerk of the court shall issue summons and the United States Marshal shall
11 serve, without prepayment of fees, a copy of the amended complaint (docket no. 18), all
12 attachments thereto, and a copy of this order upon:  **Stacy Cone**, **Patricia A. Tyler, Linda**
13 **Howard** (program director), **Aparna Dixit Brunet** (staff psychologist), **Debbie McKinney**
14 (staff psychiatrist) at **Napa State Hospital**; **S. Hubbard**, **R. Gray**, S**. McCarver**, **G. Marshall**,
15 and **S. Albritton** at the **Department of Mental Health, Departmental Review Board** in
16 **Sacramento**; and **Police Sergeant Daniel G. Mayo** at **Napa State Hospital**.

17         3.      No later than **ninety (90) days** from the date of this order, all defendants shall file
18 a motion for summary judgment or other dispositive motion with respect to the claims in the
19 complaint as set forth above, or notify the court that they are of the opinion that this case cannot
20 be resolved by such a motion.

21              a.      If defendants elect to file a motion to dismiss on the grounds that plaintiff
22 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
23 defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315
24 F.3d 1108, 1119-20 (9th Cir. 2003).

25              b.      Any motion for summary judgment shall be supported by adequate factual
26 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
27 Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**
28 **<u>qualified immunity found, if material facts are in dispute.  If any defendant is of the</u>**

1 **opinion that this case cannot be resolved by summary judgment, he shall so inform the**
2 **court prior to the date the summary judgment motion is due.**

3     4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and
4 served on defendant no later than **thirty (30) days** from the date defendants' motion is filed.

5     a.    In the event defendants file an unenumerated motion to dismiss under
6 Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

13     b.    In the event defendants file a motion for summary judgment, the
14 Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

25 See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1  Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317
2  (1986) (holding party opposing summary judgment must come forward with evidence showing
3  triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that
4  failure to file an opposition to defendants' motion for summary judgment may be deemed to be a
5  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff
6  without a trial.  See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges</u>
7  <u>v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

       5.     Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

       6.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

       7.     All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

       8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

       For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendants have filed a dispositive motion which could include some or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered

1  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
2  Rule 37-1 has been satisfied. Because plaintiff is detained, he is not required to meet and confer
3  with defendants in person. Rather, if his discovery requests are denied and he intends to seek a
4  motion to compel he must send a letter to defendants to that effect, offering them one last
5  opportunity to provide him with the sought-after information.

6      9.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
7  and all parties informed of any change of address and must comply with the court's orders in a
8  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
9  pursuant to Federal Rule of Civil Procedure 41(b).

10      IT IS SO ORDERED.
11  DATED: __1/25/11_____
                                      RONALD M. WHYTE
12                                        United States District Judge